(50 App. Div. 535.)

## REYNOLDS v. STARIN.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

NEGLIGENCE—FALLING WALLS—REMOVAL OF BRACES—FAILURE TO WARN PUBLIC.

Plaintiff approached the entrance to defendant's dock on her bicycle, intending to get baggage left there earlier in the day, when workmen under defendant's direction knocked out braces placed against the front walls of an old freight house, and they fell, inflicting injuries on plaintiff. The height of the walls was such that in falling they must cover almost the width of the street, and they would not have fallen without the removal of the braces; and no precautions were taken to keep away the public, or warn it of danger. *Held*, that defendant was guilty of negligence.

Appeal from trial term, New York county.

Action by Minnie G. Reynolds against John H. Starin. From a judgment in favor of plaintiff, defendant appeals. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Arnold W. Sherman, for appellant.

George Welwood Murray (Hugh A. Bayne, on the brief), for respondent.

WOODWARD, J. The facts developed on the trial of this action warranted a verdict in favor of the plaintiff, and an examination of the record, aided by the voluminous brief of the defendant's attorney, fails to disclose any sufficient reason for this court to interfere with the judgment or order appealed from.

On the morning of the 21st day of September, 1896, the plaintiff, in company with her husband, journeyed from New Haven to the city of New York upon one of the defendant's steamboats; landing at defendant's pier, situated on the North river, on West street, between Dey and Cortlandt streets. The boat arrived at an early hour of the day, and the plaintiff and her husband, leaving some hand baggage in charge of one of the defendant's employés, took their bicycles and started out to get breakfast. After eating, they visited various points in the vicinity, and about 11.30 a. m., when within a short distance of the place of the accident, they mounted their wheels and started to get their baggage. They rode along West street,—the husband slightly in advance,—intending to go to the boat for their baggage. There is some dispute as to whether the plaintiff was within the bounds of West street, or whether she had left the pavement and entered upon the approach to the defendant's dock, at the time of the accident. This fact is not material, as the rule is well established that the docks of the city of New York are open to the public, and are, for all the purposes of an action of this character, subject to the same rules as those governing highways. Delaney v. Railway Co., 78 Hun, 393, 396, 29 N. Y. Supp. 226, and authorities there cited. At the moment of reaching the point in front of the defendant's premises, workmen, acting under the direction of defendant's employé, knocked certain braces which had been placed against the front walls of the old freight house from their position; and the wall fell, inflicting the injuries which are admitted to have been sustained by the plaintiff.

It is urged on this appeal that the plaintiff had not given evidence showing either the negligence of the defendant, or the absence of contributory negligence on her own part; but we are of opinion that the facts which the evidence fully supports are sufficient for the purposes of this action. It may be that the plaintiff saw the condition of the building. It may be that it was her duty to see that it was being dismantled and torn down. But, under the facts proven, it is impossible to say, as a matter of law, that she was guilty of contributory negligence, within any rule with which we are familiar. The front wall of this building, which is conceded to

have been high enough so that in falling it would reach nearly to the established line of the street, was not reasonably to be expected to fall forward. It was not to be expected that the defendant, acting through his servants or employés, would allow it to fall in such a position as to menace the lives of people coming upon the dock, without some extraordinary precautions to warn the public of such an intention. Even had the plaintiff noticed the condition of the building, with its roof off, its rafters gone, windows out, etc., she would not have been warranted in assuming that the wall was to fall. In fact, the evidence shows conclusively that the wall was not in a position to fall until the exact moment that it did fall, that up to that time it was securely braced, and that it fell only when the defendant, through his employés, removed the braces which had held it in position. The plaintiff had no means of knowing the intention of the defendant. She could not know, in the absence of a barricade or some adequate warning, that it was the intention of the defendant to remove these braces and to permit the wall to fall. The fact that this wall, bordering upon a public highway largely used by the people, fell, is in itself evidence of negligence sufficient to call upon the defendant to explain. The plaintiff had established facts from which lack of contributory negligence might be inferred by the jury when she had told the story of her ride, and of the results which followed while in the exercise of reasonable care in guiding and controlling her bicycle, and keeping within the limits of the highway or the approaches to the defendant's dock, between which there were no visible lines of demarkation, barriers, or danger signals. The evidence which defendant offered did not operate to convince the jury of the lack of negligence on the part of the defendant in permitting the wall to fall without greater precautions against accidents to those who should be lawfully within the sphere of danger. We are satisfied that the plaintiff fairly sustained the burden which the law places upon her in establishing her cause of action.

So far as error is claimed to be based upon the refusal to charge the ninth request,—that, if the plaintiff suddenly turned and placed herself in a position of danger, the mere fact that the defendant's employés failed to stop her in time to avoid the accident does not in itself charge the defendant with negligence,—we do not find facts sufficient to warrant the assumption on which the request is based.

The exceptions to the admission of evidence have been examined, as well as those relating to the charge, but we find no reversible error in the case. The charge fully and carefully stated the law governing the case, and the judgment should not be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.